AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas ▾

| | |
|---|---|
| Joseph Montano ) | |
| ) | |
| ) | |
| *Petitioner* ) | |
| ) | |
| v. ) | Case No. |
| ) | *(Supplied by Clerk of Court)* |
| State of Texas ) | |
| ) | |
| ) | |
| ) | |
| *Respondent* | |
| *(name of warden or authorized person having custody of petitioner)* | |

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Joseph Montano

    (b) Other names you have used:

2.  Place of confinement:

    (a) Name of institution:

    (b) Address:

    (c) Your identification number:

3.  Are you currently being held on orders by:

    ☐ Federal authorities  ☐ State authorities  ☑ Other - explain:

    On Bail Bond, awaiting trial 228th District Court of Harris County, Texas

4.  Are you currently:

    ☑ A pretrial detainee (waiting for trial on criminal charges)

    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you:

    (b) Docket number of criminal case:

    (c) Date of sentencing:

    ☐ Being held on an immigration charge

    ☐ Other *(explain)*:

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

❐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

☑ Other *(explain)*:    Mistrial declared in 1st trial, 2nd trial will violate Double Jeopardy

6.    Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:    228th District Court, Harris County, Texas

(b)  Docket number, case number, or opinion number:    1408110

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

Denial of Pre-Trial Writ of Habeas Corpus

(d)  Date of the decision or action:    12/18/2013

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes               ❐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   1st Court of Appeals

(2)  Date of filing:    12/23/2013

(3)  Docket number, case number, or opinion number:    01-13-01081-CR

(4)  Result:    Affirmed

(5)  Date of result:  11/20/2014

(6)  Issues raised:    Denial of Pre-Trial Writ of Habeas Corpus...Second Trial Barred by Double Jeopardy

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes          ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:  Court of Criminal Appeals of Texas

    (2) Date of filing:  12/12/2014

    (3) Docket number, case number, or opinion number:  PD-1630-14

    (4) Result:  Petition Refused

    (5) Date of result:  02/04/2015

    (6) Issues raised:  Second Trial Barred by Double Jeopardy

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes          ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court:  Court of Criminal Appeals of Texas

    (2) Date of filing:  02/19/2015

    (3) Docket number, case number, or opinion number:  PD-1630-14

    (4) Result:  Denied

    (5) Date of result:  03/18/2015

    (6) Issues raised:  Motion for Rehearing of Refusal of Petition for Discretionary Review

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.  **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❐ Yes     ☑ No

If "Yes," answer the following:

(a)  Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❐ Yes                ❐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____
_____
_____
_____
_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❐ Yes                ❐ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Case number: _____

(3)  Date of filing: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____
_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ·

 

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes          ☑ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

        ☐ Yes          ☐ No

        If "Yes," provide:

        (1) Date of filing: _____

        (2) Case number: _____

        (3) Result: _____

        (4) Date of result: _____

        (5) Issues raised: _____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

        ☐ Yes          ☐ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Date of filing: _____

        (3) Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues

raised in this petition?

☐ Yes          ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution,

laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the

facts supporting each ground.

**GROUND ONE**:   Trial Court erred in allowing witness to stand on 5th amendment right against self incrimination

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

The witness had already voluntarily testified, and after consulting with a public defender during a stoppage in trial

invoked his 5th amendment right against self incrimination. The cross-examination was then stopped and a

mistrial was declared

(b)  Did you present Ground One in all appeals that were available to you?

☑ Yes          ☐ No

**GROUND TWO**:  Second Trial Should is Barred by Double Jeopardy

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

Montano was put in jeopardy during first trial, mistrial was erroneously declared, and the State of Texas wishes

to proceed to trial again, putting Montano in jeopardy for a second time in violation of his constitutional rights.

(b)  Did you present Ground Two in all appeals that were available to you?

☑ Yes          ☐ No

**GROUND THREE**:

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

(b)  Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

☐ Yes                    ☐ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not: _____

_____

_____

_____

### Request for Relief

15.  State exactly what you want the court to do:  Grant Pre-Trial Writ of Habeas Corpus barring further prosecution of
Mr. Montano

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

N/A

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:    04/01/2015

_____
*Signature of Petitioner*

_____     S. D. I.D. # 2563721
*Signature of Attorney or other authorized person, if any*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for a Writ of Habeas Corpus was mailed to the District Attorney for Harris County, 1201 Franklin, Houston, Texas 77002 and to the Honorable Marc Carter, 228th District Court of Harris County, Texas, on this 2nd day of April, 2014 via 1st Class Mail.

RAYMOND COLDREN

Opinion issued November 20, 2014



In The

## Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-13-01081-CR

———————————

### EX PARTE JOSEPH MONTANO

———————————————————————————————————

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Case No. 1408110**

———————————————————————————————————

## O P I N I O N

The State charged appellant, Joseph Montano, with the second-degree felony

offense of theft from a nonprofit organization of property valued between $20,000

and $100,000.[1]   After a State witness incriminated himself during cross

examination, the trial court declared a mistrial.  The State indicated its intent to

retry appellant, and appellant applied for a writ of habeas corpus, arguing that

double jeopardy barred any retrial of the offense.  The trial court denied habeas

corpus relief.  In his sole issue on appeal, appellant contends that the trial court

erred in denying habeas corpus relief on double jeopardy grounds.

We affirm.

## Background

The State charged appellant with aggregate theft from a nonprofit

organization.  The State alleged that appellant, an employee of Memorial Hermann

Hospital, created fraudulent invoices and submitted them to Memorial Hermann

for payment.  Appellant then allegedly cashed the checks issued by Memorial

Hermann at local convenience stores.

One of the State's witnesses at trial was Omar Faraz.  On the third day of

trial, Faraz testified that he worked at the convenience store, owned by his father,

where Montano allegedly cashed some of the checks from Memorial Hermann.

Faraz testified on cross-examination that appellant would sometimes give him

---

[1]    *See* TEX. PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2013) (providing elements
of offense of theft); *id.* § 31.03(e)(5) (providing that theft of property valued
between $20,000 and $100,000 is third-degree felony); *id.* § 31.03(f)(3) (providing
that offense is increased to next higher category of offense if owner of
appropriated property was nonprofit organization).

checks to cash that had not been endorsed. Faraz testified that, when this occurred,

he would endorse the checks himself before cashing them. After Faraz testified to

these actions, the trial court stopped the cross-examination and, outside the

presence of the jury, called the public defender's office to appoint counsel for

Faraz. Both appellant and the State agree that several discussions between the

parties and the trial court occurred off the record. After one of these discussions,

Faraz's appointed counsel informed the trial court that Faraz would be invoking his

Fifth Amendment right. Following this, the trial court stated on the record:

> The Court:　　　　　I will declare a mistrial. This will go back
> on the trial docket. We will give you
> another date to try the case, and then we can
> represent the evidence however you guys
> need to present it to prove it up. Because
> like I said, to me, it was pretty clean until we
> got there. It really was.
>
> I believe he's got a right to cross-examine,
> and I believe the way this happened is by
> him getting out this direct testimony, and
> now you can't do a cross. He's denied a
> cross. You've got a direct out there, but
> there's no cross. That's the problem.
>
> So, we will start—we are going to start over.
> Let me do this. You guys will come back
> tomorrow morning and we will discuss how
> we are going to proceed. And I'll give you
> as much time as you need to, again,
> reevaluate your presentation and what you
> want to do, knowing that he doesn't want to
> testify, have the Fifth. I guess anybody—I
> don't know if the—it's his father, right, that
> owns the business?

3

| [Defense counsel]: | That's what he stated, Judge. |
| The Court: | I'm sorry? |
| [Defense counsel]: | That's what he stated. |
| The Court: | I don't know if his father did the same thing. . . . |

The trial court then signed a mistrial order which stated: "As a result of conduct occurring during trial, the court grants the motion for mistrial." The trial court set the case on the docket for a later date.

Appellant applied for a writ of habeas corpus, contending that retrial violated double jeopardy because he did not consent to the mistrial and there was no manifest necessity for the mistrial. At the hearing on appellant's habeas corpus application, appellant maintained that he did not consent to the mistrial because, during an off-the-record conversation, he noted that he wanted to continue to cross-examine Faraz. Appellant also stated that the trial court did not ask the parties on the record for input before declaring a mistrial. Appellant argued that manifest necessity for the mistrial did not exist because Faraz should not have been able to invoke his Fifth Amendment right against self-incrimination as he waived this right when he freely answered questions about his actions. Appellant also contended no manifest necessity existed because the trial court did not consider less drastic alternatives to a mistrial.

4

At the habeas hearing, the State provided further information about what had occurred off the record at trial.  According to the State, after the trial court called the public defender's office, the court, off the record, informed the parties that it was considering granting a mistrial if Faraz later invoked his Fifth Amendment right against self-incrimination.  The State argued that there was ample opportunity at this point to object or to argue against mistrial and that it was appellant's choice not to present any argument or make any objection at that time.  The State noted, "At no point in time did the Court cut [appellant] off or not allow him to make any kind of argument against the mistrial."  The State also argued that appellant's objection to the mistrial was not timely because appellant did not object to the mistrial until he applied for habeas corpus relief on November 11, 2013, two months after the trial court declared a mistrial.

The trial court subsequently denied habeas corpus relief.  Appellant timely filed a notice of appeal.  *See* TEX. R. APP. P. 26.2(a)(1), 31.1.

## Double Jeopardy

In his sole issue, appellant contends that the trial court erred in denying habeas corpus relief on double jeopardy grounds because (1) he did not consent to the mistrial and (2) manifest necessity for the mistrial did not exist.

### A. *Standard of Review*

Generally, an appellate court reviews a trial court's decision to grant or deny

habeas corpus relief for an abuse of discretion. *See Sandifer v. State*, 233 S.W.3d

1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Ex parte Ayers*, 921

S.W.2d 438, 440 (Tex. App.—Houston [1st Dist.] 1996, no pet.)). In reviewing

the trial court's decision to grant or deny habeas corpus relief, we view the

evidence in the light most favorable to the trial court's ruling. *See Ex parte

Masonheimer*, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).

We afford almost total deference to the trial court's determination of

historical facts supported by the record, especially when the fact findings are based

on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d

85, 89 (Tex. Crim. App. 1997). Because issues of consent are necessarily fact

intensive, a trial court's finding must be accepted on appeal unless it is clearly

erroneous. *See Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011).

When there are no written findings explaining the factual basis for the trial court's

ruling, we imply findings of fact that support the ruling so long as the evidence

supports those implied findings. *See id.*

### B. *Consent to Mistrial*

The United States and Texas Constitutions both prohibit a defendant from

twice being put in jeopardy for the same offense. U.S. CONST. amend. V; TEX.

CONST. art. I, § 14. Jeopardy attaches when a jury is impanelled and sworn. *Husain v. State*, 161 S.W.3d 642, 645 (Tex. App.—San Antonio 2005, pet. ref'd) (citing *Ex parte Little*, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994)); *Ex parte Perusquia*, 336 S.W.3d 270, 275 (Tex. App.—San Antonio 2010, pet ref'd). Once jeopardy attaches, the defendant possesses the right to have his guilt or innocence determined by the first trier of fact. *Torres v. State*, 614 S.W.2d 436, 441 (Tex. Crim. App. 1981); *Ellis v. State*, 99 S.W.3d 783, 786 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Consequently, as a general rule, if, after jeopardy attaches, the jury is discharged without having reached a verdict, double jeopardy will bar retrial. *Brown v. State*, 907 S.W.3d 835, 839 (Tex. Crim. App. 1995); *Ex parte Rodriguez*, 366 S.W.3d 291, 296 (Tex. App.—Amarillo 2012, pet. ref'd). An exception to this rule exists if the defendant consents to a retrial, or if some form of manifest necessity mandates a retrial. *Torres*, 614 S.W.2d at 441; *Ex parte Rodriguez*, 366 S.W.3d at 296; *see Ex parte Perusquia*, 336 S.W.3d at 275.

Our first inquiry is whether appellant consented to a mistrial. Consent in this context need not be express; consent "may be implied from the totality of circumstances attendant to a declaration of mistrial." *Torres*, 614 S.W.2d at 441 (citing *United States v. Gori*, 367 U.S. 364, 369, 81 S. Ct. 1523, 1526 (1961)); *Garner v. State*, 858 S.W.2d 656, 658 (Tex. App.—Fort Worth 1993, pet. ref'd). Before a defendant's failure to object constitutes implied consent to a mistrial,

however, a defendant must be given an adequate opportunity to object to the court's action. *Torres*, 614 S.W.2d at 441–42; *Garner*, 858 S.W.2d at 659. A defendant who does not object to a declaration of mistrial, despite an adequate opportunity to do so, has impliedly consented to the mistrial. *Torres*, 614 S.W.2d at 441; *Ledesma v. State*, 993 S.W.2d 361, 365 (Tex. App.—Fort Worth 1999, pet ref'd).

Appellant contends that he did not consent to the trial court's declaration of a mistrial. He admits that he never expressly objected to the trial court's declaration of a mistrial, but he argues this was because he did not have an opportunity to do so. Appellant argues that he never had an opportunity to object because the trial court's first statement on the record after dismissing the jury for the day was "I will declare a mistrial." Appellant relies on the Dallas Court of Appeals' opinion in *Harrison v. State* to support the proposition that he did not consent to the mistrial. 772 S.W.2d 556, 558 (Tex. App.—Dallas 1989), *rev'd on other grounds*, 788 S.W.2d 18 (Tex. Crim. App. 1990).

In *Harrison*, the trial court disqualified the defendant's counsel, in response to a motion by the State, on the ground that counsel was a potential fact witness. *Id.* at 557. The court then announced that it intended to declare a mistrial. *Id.* The parties and the trial court held an off-the-record discussion, during which the prosecutor stated that he was within his rights to call Harrison's attorney as a

witness. *Id.* at 557–58. The trial court then declared a mistrial on the record. *Id.* at 558.

The Dallas Court of Appeals held that, based on the brevity of the record, it could not conclude that the appellant was given an adequate opportunity to object. *Id.* The court emphasized that the trial court declared a mistrial almost immediately after first announcing its intention, noting that the trial court did not discuss this intention to declare a mistrial with the parties or provide an opportunity for the parties to object. *Id.* The *Harrison* court concluded that, based on the totality of the circumstances, Harrison did not consent to the mistrial. *Id.*

*Harrison* is distinguishable from the present case. The sequence of events leading up to the declaration of the mistrial in *Harrison* was more condensed than that in the case before us. Given the quick nature in which the declaration of mistrial came about, Harrison had a short window of time in which to object. *See id.* at 558. Here, the events leading up to the declaration of the mistrial were more protracted.

After Faraz made a possibly self-incriminating statement on the witness stand, the trial court stopped appellant's cross-examination of Faraz and contacted the public defender's office, outside the presence of the jury, to appoint counsel for Faraz. The State argued at the habeas hearing that, during the time that Faraz was waiting for and consulting with his appointed counsel, the trial court spoke with

the parties off the record and informed them that it was considering granting a mistrial if Faraz subsequently invoked his Fifth Amendment right against self-incrimination.  After Faraz informed the trial court that he would invoke his Fifth Amendment right, the court went on the record and declared a mistrial.

The court explained on the record its reason for granting the mistrial:

| | |
|---|---|
| The Court: | I will declare a mistrial.  This will go back on the trial docket.  We will give you another date to try the case, and then we can represent the evidence however you guys need to present it to prove it up.  Because like I said, to me, it was pretty clean until we got there.  It really was. |
| | I believe he's got a right to cross-examine, and I believe the way this happened is by him getting out this direct testimony, and now you can't do a cross.  He's denied a cross.  You've got a direct out there, but there's no cross.  That's the problem. |
| | So, we will start—we are going to start over.  Let me do this.  You guys will come back tomorrow morning and we will discuss how we are going to proceed.  And I'll give you as much time as you need to, again, reevaluate your presentation and what you want to do, knowing that he doesn't want to testify, have the Fifth.  I guess anybody—I don't know if the—it's his father, right, that owns the business? |
| [Defense counsel]: | That's what he stated, Judge. |
| The Court: | I'm sorry? |
| [Defense counsel]: | That's what he stated. |

| The Court: | I don't know if his father did the same thing. . . . |
|---|---|

The record of appellant's trial, combined with statements from both appellant and the State at the habeas hearing concerning discussions that occurred off the record, demonstrates that appellant had ample opportunity to object to the mistrial both on and off the record.

The situation here is, instead, similar to that in *Garner*.  In *Garner*, the trial court declared a mistrial after the first witness had testified because the court realized that a clerical error had caused the wrong juror to be placed on the jury. 858 S.W.2d at 658.  Before declaring a mistrial, the trial court held an off-the-record conference with the parties in chambers.  *Id.*  Following the conference, the trial court declared a mistrial on the record and explained its reasoning; neither party objected to the mistrial on the record.  *Id.*  The Fort Worth Court of Appeals held: "The totality of the circumstances in this case reflects that appellant in effect consented to the mistrial.  Even though appellant did not object on the record, he had ample opportunity to object at both the conference in the judge's chambers and in open court on the record."  *Id.* at 659.  Similarly, here, appellant had opportunities to express his objection to the mistrial declaration in discussions off the record as well as in open court, where the trial court explained its reasoning for granting a mistrial.  Under the totality of the circumstances, we may infer appellant's consent to the mistrial. *See Torres*, 614 S.W.2d at 441; *Ledesma*, 993

S.W.2d at 365; *Garner*, 858 S.W.2d at 659.   We therefore conclude that the trial court did not abuse its discretion in denying appellant's request for habeas corpus relief.[2]

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Publish.   TEX. R. APP. P. 47.2(b).

---

[2]   We further note that, in a habeas corpus proceeding, the applicant bears the burden of alleging and proving specific facts which, if true, would entitle him to relief. *See Druery v. State*, 412 S.W.3d 523, 538 (Tex. Crim. App. 2013).   In *Garza v. State*, the Corpus Christi Court of Appeals addressed a situation in which the defendant argued that double jeopardy barred a retrial after the trial court declared a mistrial, but the defendant did not introduce a record of what happened at his prior trial.   803 S.W.2d 873, 875 (Tex. App.—Corpus Christi 1991, pet. ref'd). The court observed that defense counsel's testimony at the subsequent habeas hearing did not "indicate whether [Garza] consented or objected to the district court's declaration of mistrial."   *Id.*   The court further noted that Garza bore the burden of establishing his entitlement to relief in a habeas proceeding and held that he had "failed to prove that jeopardy barred his second trial."   *Id.*

12